Filed 11/21/25  P. v. Emmans CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| THE PEOPLE, | C102373 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2301276) |
| v. | |
| BRANDON MICHAEL EMMANS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Brandon Michael Emmans filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Our review of the record has disclosed no arguable errors favorable to defendant.  Accordingly, we will affirm.

1

## I. BACKGROUND

On October 23, 2023, the People filed an amended information charging defendant with one count of continuous sexual abuse of a child (Pen. Code, § 288.5, subd. (a)).[1] The amended information further alleged that defendant had substantial sexual conduct with the victim (§ 1203.066, subd. (a)(8)) and also alleged factors in aggravation.

At the jury trial, the People presented evidence that defendant lived from August 2011 to November 2012 in the same house with the victim. The victim referred to defendant as her "uncle." At that residence (hereafter, the house), the victim shared a room with her sister. Defendant stayed in the living room. One night when the victim was sleeping on her stomach, she woke up to find defendant on top of her "in a push-up position." The victim felt something touching her between her legs. Defendant did not say anything and the victim pretended to be asleep. The victim told her parents, and they confronted defendant, who told them it was a prank. The victim was between seven and nine years old when this incident occurred.

At the house, the victim would wake up sometimes to find defendant lying in her bed rubbing her head or scratching her back. On these occasions, defendant would not say anything.

For part of 2015, the victim lived with defendant's mother and stepfather in a duplex (hereafter, the duplex). The victim had been placed with defendant's mother after her parents were arrested in January 2015 on marijuana charges. The victim referred to defendant's mother as her grandmother. Defendant lived in a connected duplex next door. There was a connecting door between the duplexes. While the victim was living in the duplex, she spent a lot of time with defendant, including playing video games and watching movies. When they were playing video games in defendant's duplex, on

---

[1] Undesignated statutory references are to the Penal Code.

multiple occasions, defendant touched the victim on the top of her inner thigh. This also occurred a couple times while they were watching movies on the victim's side of the duplex. Defendant never said anything. The victim was about 10 years old at the time.

The last time something occurred that made the victim uncomfortable, she woke up in a bunk bed she shared with her younger sister in the duplex to find defendant lying next to her touching her "privates" outside her clothes. The victim yelled at him to leave.

On one occasion, defendant "grabb[ed] [her] hand and put[]" it on "his penis." The victim could not remember if this occurred at the house or at the duplex.

Other than these specific instances, the victim was not sure how many times defendant touched her. She testified "it just seemed like so many times."

The last time the victim saw defendant was at her 18th birthday party. Defendant came up to her, hugged her, and said that he was sorry for being a "shitty person."

After living in the duplex, the victim was again living with her mother, C.T. In 2022 to 2023, C.T. noticed a change in the victim when she was a senior in high school. The victim's grades dropped, and she did not want to be around people. The victim was taking multiple showers each day. In May 2023, C.T. confronted the victim after she got out of the shower, and the victim told C.T. defendant had touched her. C.T. contacted the police.

A detective with the sheriff's department recorded pretext calls between C.T. and defendant in an attempt to induce defendant to admit his wrongdoing. Defendant did not make any admissions during the calls. In the second pretext call, defendant said, "I feel pissed off because something did happen . . . to her." When interviewed by the detective, defendant denied touching the victim inappropriately. Defendant stated that he apologized to the victim at her 18th birthday party—saying, "I'm sorry for being such a piece of shit"—for smoking marijuana around her.

In June 2024, the jury found defendant guilty of continuous sexual abuse of a child but found not true the allegation of substantial sexual conduct. The jury found true both

3

circumstances in aggravation alleged in the amended information: (1) that the victim was particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)); and (2) defendant took advantage of a position of trust or confidence to commit the crime (*id.*, rule 4.421(a)(11)).

On October 28, 2024, the trial court sentenced defendant to the middle term of 12 years. The court awarded 595 days of custody credit and imposed a restitution fine of $3,600, a parole revocation fine in the same amount (payable only if parole is revoked), and the mandatory minimum assessments. Defendant timely appealed.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a more favorable judgment. Accordingly, we will affirm.

## III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, Acting P. J.

We concur:

/S/

_____

MESIWALA, J.

/S/

_____

FEINBERG, J.